12774

SANTEE RIVER CYPRESS LUMBER CO. v. ELLIOTT *ET AL.*

(150 S. E., 683)

182

184

190

192

*Mr. M. W. Seabrook,* for Appellant.

*Mr. Charlton DuRant,* and *Epps & Ley* for Respondents.

December 5, 1929.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action was commenced in the court of common pleas for Sumter county, May, 1923. The pertinent allegations on the part of the plaintiff are, in substance, as follows:

That the plaintiff is the owner and is seized and possessed of a certain tract of land in Sumter county, containing about 1,500 acres, with title and possession in itself and its predecessors for 10, 20, and 40 years, respectively; and alleges a trespass by the defendants, J. L. Elliott and R. M. Eliott, and an unlawful cutting and conversion of the timber on the eastern portion of said lands under claim granted them by the other defendants.

On account of the alleged unlawful acts on the part of the defendants, the plaintiff asked for judgment against the defendants in the sum of $4,000 actual and $2,000 punitive damages, for a restraining order against the defendants, and that the plaintiff be adjudged to be entitled to the land in question.

Under the allegations contained in the defendants' answer, an issue of title and possession is raised to the part of said

premises in question, that is, that portion on which the alleged trespass was committed. The parties claim title from a common source. The case was tried before his Honor, Judge E. C. Dennis, and a jury at the Spring term, 1926, of court of common pleas for Sumer county, and resulted in a verdict by the jury for the defendants. Following the rendering of the verdict, his Honor, Judge Dennis, issued a decree in the cause, in which decree his Honor approved the finding of the jury, stating that the verdict was in accordance with the evidence presented, and adjudged and decreed "that the defendants, heirs of Gibbs James, are the owners of the premises in dispute, the same being more definitely shown on plat made by P. G. Gourdin and G. T. Floyd, surveyors, under order of the Court heretofore made in this action and shown on said plat between the lines thereon designated as 'Emmerson Line claimed by Santee River Cypress Lumber Company,' and the line therein designated as 'line claimed by J. L. and R. M. Elliott,' " and refused the injunction prayed for. From the entry of judgment on the verdict and the decree issued by his Honor, Judge Dennis, the plaintiff has appealed to this court imputing error to his Honor as set forth under thirteen exceptions.

Appellant's first exception is as follows:

"His Honor having charged the Defendants' request defining their version of the meaning of 'High Water Mark,' erred, it is respectfully submitted in refusing to charge, as requested by the plaintiff, that the Manning deed also states that the eastern boundary is the highland of the Matt James Plantation, and in charging instead as follows:

" 'I can't talk to you about the evidence in the case, and tell you what is in the paper; you take these exhibits and you look at them and see what they are, and if you find anything in them that limits the words 'High Water Mark' in any way, and change it from the ordinary use, or definition of those words in the ordinary use. It is neither my privilege nor my desire to have anything to do with deciding the facts

or discussing the evidence with you, because that is your business, my business is merely to see that only proper evidence is introduced, and then give you the law so that you can apply it to that evidence. When I speak of evidence, I mean all that has been said by word of mouth, and all the exhibits,' etc., etc.

"This, it is respectfully submitted, was error because it was his Honor's and not the jury's duty to construe the deed and all the written exhibits; and his Honor's action prejudicially stressed to the jury only one, and that a secondary, element called for by the deed ('high water mark') and practically ignored and belittled the element which first occurred in the deed, and which, therefore, controlled in its construction, to wit: 'the highland of the said Matt James Plantation,' which was especially prejudicial to plaintiff in view of the undisputed existence of the high bluff at the edge of the high land, at the foot of which the line claimed by plaintiff runs."

As contended by appellant, it is the duty of the trial judge to construe written instruments involved in the trial of a case, when it is necessary for the enlightenment of the jury. But the exception is not based on his Honor's refusal to construe the deed in question; it is based on his Honor's refusal to state to the jury, in his charge, "that the Manning deed also states that the eastern boundary is the highland of the Matt James plantation." As stated by his Honor, Judge Denis, it was not his duty to state the evidence to the jury and that the members of the jury could read that for themselves. Furthermore, it appears from the Transcript of Record that the description contained in the deed to which the appellant refers had been read to the jury, and, further, the description contained in the deed in question, and under which the plaintiff claims, shows that the "high water mark of the swamp" constitutes the eastern boundary, and it is so alleged in the complaint. Under no view of the case had the

appellant just ground to complain. This exception must be overruled.

In the second exception the appellant alleges error in ██ in the following particulars:

"His Honor erred, it is respectfully submitted, in charging as follows in pursuance of request from the defendants, to wit:

" ' "The technical meaning of the words 'High Water Mark' is a mark or appearance on the ground made by, and the result of, usual high water—it means a difference in soil or growth or both and does not refer to temporary floods unusual and brief which may cover large areas. These words in the deed fom Annie S. Manning to Ferguson & Beidler are to be given above construction unless there is something in the evidence to show that they were used with a different meaning." That is correct. Unless there is something else to indicate the meaning you are to give to words "High Water Mark" in this case, then the meaning is as I have just read to you.'

"This was error because it was a charge on the facts against the Constitutional inhibition; was defective in defining high water mark as the mark or appearance on the ground made by, and the result of, usual high water, whereas it should have said that it is the point to which the water rises at its highest average stage; and because the said charge left it to the jury to construe the Annie S. Manning deed, whereas, his Honor should have done so; and it prejudicially stressed to the jury only one, and that a secondary, element named by the deed as the boundary in question ('high water mark') and practically excluded and belittled the element which was first named in the deed, and therefore controlled, as his Honor should have held, in its construction, to wit: 'the high land of the said Matt James Plantation.' "

In our opinion the charge complained of was not a charge on the facts, and we approve of the meaning assigned by his

Honor, Judge Dennis, to the words, "High Water Mark." The exception is overruled.

The third and fourth exceptions are as follows:

■ "His Honor erred, it is respectfully submitted, in refusing to charge the Plaintiff's ninth request as follows:

" 'I charge you that high water mark is the point to which the water rises at its average highest stage.'

"Which was error as the above was a correct legal definition, applicable to the facts of this case and the deed to be construed."

"His Honor erred, it is respectfully submitted, in charging the jury as follows:

" 'Now, the ninth request I am not going to charge in the language given, but rather, I am going to read you some authorities. I am reading you from 2 Farnham on Waters and Water Rights, page 1461: "High Water Mark is the point below which the presence and action of the water are so common and usual and so long contained in all ordinary years as to mark upon the soil a character distinct from that of the banks, with respect to vegetation as well as with respect to the soil itself.' "

"This was error because a charge on the facts against the Constitutional inhibition was defective, as applied to the evidence in this case, in omitting the important element that high water mark is the point to which the water rises at its highest average state; it erroneously confuses the high water mark of a river with the high water mark of a swamp, whereas it is the latter and not the former to be determined here; and imposes conditions inapplicable to the evidence here where the defendants' own testimony shows that when the water is in ordinary flood stage it does not even cover what they admit to be swamp, much less the disputed land."

We are unable to agree with appellant's contention. The meaning assigned by the circuit judge to the term in question

is satisfactory to this Court, and we fail to see wherein the appellant was prejudiced by his Honor reading from a standard text-writer instead of charging the jury in the language requested by the appellant. The alleged errors charged under these exceptions are not sustain.

In the twelfth exception error is imputed to the presiding judge in charging the jury, in effect, that where a deed is incorrectly recorded, and a person acts upon the record, and having no notice that it is incorrectly recorded, such person acts within the law and within his rights. Error is alleged in two particulars: (1) Upon the ground that that is not the law of this state, and (2) upon the ground that the charge is not responsive to the evidence in the case.

Under the decisions of this court the appellant has properly abandoned the first ground. As to the second ground relied upon, in our opinion the charge was responsive to the evidence; but even if it be granted that the charge was not responsive to the evidence the charge was not prejudicial to the plaintiff.

In the thirteenth exception error is imputed to the presiding judge in charging the jury as follows:

"I am going to tell you in the first instance that, if you find for the plaintiff, you need not say anything about the possession of the land. You simply say, 'We find for the plaintiff so many dollars,' and if you find for the defendant, you say, 'We find for the defendant.'"

We have considered the reasons assigned by appellant for the alleged error imputed to the presiding judge, but we are not impressed with the reasons stated.

This instruction to the jury was given near the close of the charge in connection with all that his Honor had stated leading up to that point, and especially in connection with the instruction given on that phase of the case. Summing up, his Honor charged the jury in that connection as follows:

"Now, gentlemen, what you are to consider in the first place, of course, is who owns the timber that was cut. If you decide that the plaintiff was the owner of the trees before it was cut, then your next inquiry is, what should the plaintiff recover, what damage should plaintiff recover for the timber. Then you take into consideration the value of the timber at the time it was cut, and that would be the basis of your verdict if you find for the plaintiff. So, if you find for the plaintiff, the form of your verdict would be, 'We find for the plaintiff so many dollars.' If you find for the defendants, the form of your verdict would be 'We find for the defendants.' "

In our opinion his Honor gave the proper instruction to the jury, and this exception should be overruled.

Under the fifth exception appellant makes the following contention:

"His Honor erred, it is respectfully submitted, in charging the jury as follows:

" 'When a plaintiff comes into Court to recover property or damage for its taking or its destruction, he must prove his claim of title. In other words, if A comes into Court and claims certain property, he comes in as plaintiff, and brings B into Court, the first thing he has got to do is prove it is his; whether it is C's, D's or E's makes no difference, unless it is A's. The plaintiff must also recover upon the strength of his title and not upon the weakness of the title of the defendants.'

"This was error because this was an action of trespass *quare clausum fregit* in which form of action it was not legally incumbent upon the plaintiff to recover on the strength of its title, but it was sufficient to make out plaintiff's case by merely showing possession on the part of the plaintiff, which had been invaded by the defendants, which was done."

Under the authority of the case of *Battle v. De Vane* et al., 140 S. C., 305, 138 S. E., 821, and authorities therein

cited, this exception must be sustained; and because of the full discussion of this question in the opinion in that case, written by Mr. Justice Cothran, we consider it unnecessary to discuss the question here. This exception is sustained.

Exceptions 6, 7, 8, 9, 10, and 11, which impute error to the presiding judge in the admission of testimony, will not be considered for the reason that we deem it unnecessary.

It is the judgment of this Court that the judgment of the Circuit Court be, and is hereby, reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE WATTS and MR. JUSTICES COTHRAN, BLEASE, and STABLER concur.