17085

R. C. LANE, Appellant, v. R. A. MIMS, W. A. MIMS, EVERETT MIMS and VERNON MIMS, Respondents

(90 S. E. (2d) 207)

*Messrs. Connor & Connor*, and *Phillip C. Stoll*, of Kingstree, *for Appellant*,

*Messrs. Shuler & Harrell*, and *O'Bryan & O'Bryan*, of Kingstree, *for Respondents*,

Nov. 14, 1955.

J. Woodrow Lewis, Acting Associate Justice.

This action of trespass was brought to enjoin the respondents from trespassing upon a five hundred forty seven (547) acre tract of land situate in Williamsburg County claimed by the appellant and for damages. The answer of the respondents in effect alleges that the appellant is the owner of a four hundred sixty (460) acre tract of land

and that the plaintiff has erroneously included in his claimed tract of five hundred forty seven (547) acres parts of two tracts of land owned and in the possession of the defendants. The defendants deny the plaintiff's title or possession of this area in dispute. The pleadings place in issue both title and possession of the lands in dispute.

Under an Order of Survey the lands involved in this action were surveyed and a plat thereof made showing the area of land in question. The plat shows the area in dispute to contain ninety eight (98) acres. Although the record contains testimony relative to the title of the parties to all of their lands, the issues only concern the foregoing ninety eight acre tract, described in the answer as containing eighty seven (87) acres, more or less.

This case has been tried twice. At the first trial a motion for non-suit was granted and upon appeal the order granting a nonsuit was reversed and the case remanded for a new trial. See *Lane v. Mims,* 221 S. C. 236, 70 S. E. (2d) 244. At the second trial, from which this appeal arises, the issues were submitted to the jury and a verdict returned for the respondents. A motion of the appellant for judgment notwithstanding the verdict or, in the alternative, for a new trial was refused and this appeal followed.

The first three questions stated by the appellant in his brief relate to the sufficiency of the evidence. Under the exceptions raising these questions the appellant in substance contends that the only reasonable inference from the record is that the evidence established both title and possession of the disputed lands in him. The issue is, therefore, whether the testimony presented issues of fact for determination by the jury.

We agree with the Circuit Judge "that the evidence as to both title and possession in plaintiff was inconclusive, and, at best, raised questions for the jury to pass upon."

The parties trace their respective titles to a common source. The complaint alleges title in the appellant of a five

hundred forty seven (547) acre tract of land. His deed recites an acreage of four hundred sixty (460) acres. Appellant contends, however, that the area in dispute was included in the bounds of his deed, the respondents contending to the contrary. A careful examination of the plats and deeds in evidence fail to show conclusively the claims of the appellant. The Circuit Judge was correct in holding that there was at least a jury question presented by the evidence as to which had better title from the common source.

Likewise, all issues in the case relating to possession of the disputed lands were properly submitted to the jury for determination. Testimony of the use of the swamp land on the area in dispute as a community pasture, the sharp conflict in the testimony as to the erection of fences and the inconclusive nature of the testimony relative to cutting of timber presented conflicts in the testimony on the issues of adverse possession requiring the submission of all issues as to possession to the jury for determination.

We deem it unnecessary to encumber this opinion with a detailed summary of the testimony. We have carefully reviewed the record in the light of the exceptions made with reference to the fundamental issues of title and possession and have concluded that the testimony presented jury issues which the court properly submitted to the jury for determination.

The fourth question arises under exceptions alleging error on the part of the Circuit Judge in permitting counsel for the respondents to use in argument a copy of a plat upon which counsel had sketched his contention as to the location of the respective tracts of land. The following from the order of the Circuit Judge properly disposes of this question:

"A rule of survey was issued in the case and a helpful map was prepared by two surveyors, which is usually referred to in the record as the Court map or plat.

"From the description in the various deeds out of J. D. Mims, Mr. Shuler, of counsel for defendants, sketched in pencil on a copy of this map his contention as to the location of the respective tracts.

"He was permitted to exhibit this to the jury during his argument, as he read the description from each deed and explained to the jury why he contended that the respective tracts were located as he had sketched them.

"This is assigned as error because the map with pencil sketch had not been received in evidence. It was carefully explained to the jury that the sketch was not evidence and was used only for the purpose of illustrating the contention of counsel as to what the evidence showed. No one would question the right of counsel to have made a similar sketch on a blackboard in the presence of the jury. In view of the explanation which was given, I see no substantial difference and no possibility of prejudice to the rights of the plaintiff."

The last question is thus stated by the appellant: Was it error for the Trial Judge to refuse to charge the jury that they could return a verdict for injunctive relief without a finding of damages? The complaint sought injunctive relief and damages.

In instructing the jury as to the form of the verdicts that might be rendered the court told the jury that "if you find for the plaintiff, the form of your verdict will be, we find for the plaintiff so many dollars actual damages," etc. Further, the jury was instructed: "If you find that the plaintiff has made out a case here, as far as the amount of damages is concerned, you could award him any amount up to the amount alleged in the complaint * * * However, it wouldn't matter how small amount you awarded, if you found him entitled to recover a verdict in his favor. Anything from one dollar up would carry with it the right to an injunction against trespass to the land described in the complaint."

The appellant requested the court to instruct the jury "that they could render a verdict for plaintiff without a specific finding of damages."

There was no error in refusing to charge the specific request of the appellant. See: *Santee River Cypress Lumber Co. v. Elliott,* 153 S. C. 179, 150 S. E. 683.

All exceptions are overruled and judgment affirmed.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.