Anthony F. SCHIE, Respondent v. GAY & TAYLOR, INC., Jim Fowler, Ben Howard, d/b/a Ben Howard Body Shop, Defendants, of whom Gay & Taylor, Inc. is Appellant.

(347 S. E. (2d) 910)

Court of Appeals

*Duke K. McCall, Jr.*, and *Michael Giese*, of *Leatherwood, Walker, Todd & Mann*, Greenville, *for appellant.*

*Richard H. Warder*, of *Warder & Steele*, and *Todd M. Ackley*, Greenville, *for respondent.*

Heard June 17, 1986.

Decided Aug. 25, 1986.

SHAW, Judge:

This is an action for damages. Appellant Gay & Taylor, Inc. appeals a jury verdict in favor of respondent Anthony F. Schie for $4,403.00. We reverse.

In an action at law, this court can reverse a jury's factual findings only if there is no evidence which reasonably supports those findings. *Moran v. Jones*, 281 S. C. 270, 315 S. E. (2d) 136 (Ct. App. 1984).

Schie's car was struck in the rear and damaged by a truck owned by Consolidated Freight Ways. Consolidated hired Gay & Taylor, an independent claims adjusting company, to investigate, determine liability and damages, and to handle the case to the conclusion of the claim. Gay & Taylor assigned the case to its employee, Ben Fowler. Fowler assigned the case to another Gay & Taylor employee, Steve Campbell. Campbell appraised the damage to the car. He then notified Schie that Gay & Taylor would pay for the repairs to the extent of its estimate and provide Schie with a rental car until the repairs were completed.

Ben Howard, d/b/a Ben Howard Body Shop, was selected to make the repairs. The parties disagree as to how Howard was selected. Schie claims Campbell recommended Howard

who, shortly thereafter, called Schie requesting his business. Schie claims Howard already knew the cost of repair and told him Gay & Taylor would pay for the repairs. Campbell testified Schie asked him for recommendations. Campbell claims he named a number of repair shops and merely pointed out Howard's was the closest. Campbell then took the appraisal along with a photograph of the car to Howard who agreed to perform the repairs called for on the appraisal. Howard claims he reviewed the appraisal with Schie. Schie denies ever reading the appraisal.

Upon Howard's completion of the repairs, Schie test drove the car and listed several items he was unsatisfied with. Foremost on his list was the air conditioner. Schie contends the air conditioner was cooling prior to the accident, but not following Howard's repairs.[1] Schie admits Howard informed him an independent air conditioner repairman, upon Gay & Taylor's authorization, inspected Schie's unit and determined the air conditioner was simply worn out. The air conditioner does not appear on Gay & Taylor's appraisal. Gay & Taylor would not authorize the repair of the air conditioner, but did send Howard a check for the repairs authorized by the appraisal. Howard was instructed to have Schie co-sign the check and sign a property release.

Upon Schie's request, Howard agreed to allow Schie's attorney to review the check and release. Schie never returned the check to Howard who, therefore, retained Schie's car in storage. Schie maintains the release includes language waiving his right to personal as well as property damages.

Schie sued Gay & Taylor, Fowler, and Howard for conspiracy and fraud. Howard counterclaimed for the cost of repairs and storage of Schie's car. The jury returned a verdict for Schie on the fraud cause of action for $4,403.00 against Gay & Taylor. It also found for Howard on his counterclaim in the same amount. Gay & Taylor appeals and we reverse.

Gay & Taylor raises several issues on appeal; one of which is its contention there is no evidence of fraud in the record to

---

[1] The remaining items were minor and Howard fixed them for no charge even though he maintains they were not damaged by the wreck and were not listed on the appraisal.

support the jury's verdict. Since we agree, we need not discuss the other issues Gay & Taylor raises.

A party bringing an action for fraud must prove by clear, cogent, and convincing evidence each of the following elements: (1) a representation, (2) its falsity, (3) materiality, (4) knowledge of falsity or a reckless disregard of its truth or falsity, (5) intent that the representation be acted upon, (6) the hearer's ignorance of its falsity, (7) the hearer's reliance upon truth, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximate injury. *King v. Oxford*, 282 S. C. 307, 318 S. E. (2d) 125 (Ct. App. 1984). We hold Schie has failed to meet his burden of proof.

In an action for fraud, the alleged representation must be one of an existing fact, not merely "... promises or statements as to future events which later were unfulfilled." *Darby v. Waterboggan of Myrtle Beach, Inc.*, 288 S. C. 579, 344 S. E. (2d) 153 (Ct. App. 1986). Schie complains of two representations: (1) a representation by Gay & Taylor that it *would* pay for the repair of the damage to Schie's car and (2) a representation by Gay & Taylor that it *would* provide Schie with a rental car until the repairs were completed. Both representations are merely promises of future action and, unless the evidence shows Gay & Taylor had no intention of fulfilling the promises at the time they were made, cannot be the basis of an action for fraud.

Moreover, the evidence in the record shows both promises were fulfilled by Gay & Taylor. The gravamen of Schie's complaint is the air conditioner was not repaired. The air conditioner is not listed on the appraisal and there is no evidence of any representations made to Schie regarding the air conditioner. Gay & Taylor issued a check covering repairs for all the damage listed on the appraisal. It also provided Schie with a rental car until he refused to sign the check.

Therefore, we hold because Schie failed to prove one of the elements required in an action for fraud, the jury verdict must be reversed.

SANDERS, C. J., and BELL, J., concur.