0869

CHAMPION INTERNATIONAL CORPORATION, Respondent v. Jimmy EUBANKS, Harold Perkins, Stewart Suber, Leonard Suber, A. C. Suber, Jr., Lillie J. Greer, Ethel S. Lindsay and Tuxberry Suber, of whom Stewart Suber, A. C. Suber, Jr., and Harold Perkins are Appellants. Appeal of Stewart SUBER, A. C. Suber, Jr., and Harold Perkins.

(353 S. E. (2d) 880)

Court of Appeals

*James D. Jefferies,* Greenwood, and *Duke K. McCall, Jr.,* Greenville, *for appellants.*

*Joseph W. Hudgens,* Newberry, *for respondent.*

Heard Sept. 22, 1986.

Decided Feb. 2, 1987.

LITTLEJOHN, Judge:

The plaintiff Champion International Corporation (Champion) brought this action seeking an injunction and damages for an alleged trespass primarily by the cutting of timber. The trial judge granted Champion partial summary judgment, ruling that Champion held record fee simple title to the land from which the timber was cut. This appeal is taken by Stewart Suber and A. C. Suber, Jr. (Subers), who own property adjoining Champion's land, and by Harold Perkins, We affirm.

In its complaint Champion alleged ownership of a tract containing approximately 78 acres from which the timber was cut. In their identical amended answers the Subers claimed title to the land by virtue of inheritance and by adverse possession. By way of a counterclaim the Subers pleaded a cause of action for slander of title. In the order granting partial summary judgment, the trial judge did not

pass upon and left open the matter of the Subers' allegations of adverse possession. Consistent with his ruling that Champion held record fee simple title, however, the trial judge granted judgment to Champion on the Subers' counterclaim for slander of title. The Subers concede that this counterclaim must fail if the trial judge's ruling on the matter of record title is sustained.

Champion proffered detailed affidavits and related documents tracing the devolution of title to the disputed property. The showing made by Champion is somewhat complex and involved, but upon close study and scrutiny permits only one reasonable conclusion. As the trial judge found, that conclusion is that Champion holds record fee simple title to the property whose boundaries are shown by a plat prepared by surveyor Abraham. After Champion made this showing, it then became incumbent upon the parties opposing the motion to make a proffer showing the existence of a genuine issue of material fact. *See* former Rule 44(d), Rules of Practice for the Circuit Courts of South Carolina (now S. C. R. Civ. P. 56(e) ) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial"); *Dyer v. Moss*, 284 S. C. 208, 325 S. E. (2d) 69 (Ct. App. 1985) (where party is faced with motion for summary judgment that is supported by evidence, that party must show the court the existence of a genuine issue of fact).

At the hearing for summary judgment, only Perkins had submitted an affidavit opposing Champion's motion. The trial judge found that Perkins' affidavit raised no genuine issue of material fact on the matter of title, and there is no contention otherwise in this appeal. With leave of court, the Subers were permitted to submit their own joint affidavit after the hearing. We agree with the trial judge that this affidavit does not raise a genuine issue of material fact.

The Subers assert through their exceptions and argument that an issue of fact exists concerning the location of Champion's claimed acreage. They contend that Champion's land is located elsewhere and that through its proof Champion

has superimposed its claimed acreage over land actually owned by the Subers.

The Subers' affidavit in opposition to Champion's motion does not raise a genuine issue of fact concerning the location of Champion's property. The affidavit for the most part contains assertions that controvert aspects of Champion's proof through mere unsubstantiated conclusory statements of fact. These bare conclusions are not sufficient to overcome Champion's initial showing that it has record fee simple title. *See Spencer v. Miller*, 259 S. C. 453, 458, 192 S. E. (2d) 863, 865 (1972) ("[S]tatements of ultimate facts and conclusions are not sufficient to make a genuine issue of trial."). Moreover, under close scrutiny many of these bare assertions are revealed to be simply untenable in the face of Champion's documentary proof, and thus fail to raise any *genuine* issue of fact. *See Main v. Corley*, 281 S. C. 525, 316 S. E. (2d) 406 (1984).

Elsewhere in the affidavit, the Subers allege that the question of the location of Champion's land can be resolved by the testimony of the son of Champion's predecessor in title, from whom apparently no affidavit or deposition had been acquired. Such an assertion, however, does not preclude the granting of summary judgment. "A party cannot escape summary judgment on the mere hope that something may develop at trial." *Hammond v. Scott*, 268 S. C. 137, 232 S. E. (2d) 336, 339 (1977).

*Lane v. Mims*, 228 S. C. 331, 90 S. E. (2d) 207 (1955), relied upon by the Subers, is distinguishable. That case is an appeal from the denial of a motion for judgment n.o.v., where each party offered evidence of his title to the disputed property.

There being no genuine issue of material fact concerning record title to the property, the order of the circuit court is affirmed. *See Thornton v. North American Acceptance Corporation*, 228 Ga. 176, 184 S. E. (2d) 589 (1971) (summary judgment granted plaintiff in ejectment action where there was no genuine issue of fact concerning plaintiff's title).

Affirmed.

SANDERS, C. J., and SHAW, J., concur.