22847

Jack D. POLLITZER and Henry C. Chambers, Co-Partners dba Beaufort Realty, Appellants v. Dr. Paul M. LONG, William W. Long, Robert L. Alley, Jr., Co-Partners dba L/A Partners, Defendants, of whom Dr. Paul M. Long is Respondent.

(367 S. E. (2d) 18)

Supreme Court

*H. Williams Funderburk, Jr.,* and *W. Brantley Harvey, Jr.,* both of *Harvey & Battey, P.A.,* Beaufort, *for appellants.*

*Mark H. Lund, III* and *Terry A. Finger,* both of *Novit & Scarminach, P.A.,* Hilton Head Island, *for respondent.*

Heard Feb. 2, 1988.

Decided March 28, 1988.

CHANDLER, Justice:

Appellants (Beaufort Realty) brought this action against Respondent (Long) to recover a commission on a sale of real estate. At the close of all the evidence, the trial judge granted Long's motion for directed verdict. We affirm.

## FACTS

Long and two partners owned the Thomas Rhett House in Beaufort, South Carolina. In May 1985, one of the partners approached Henry Chambers of Beaufort Realty about marketing the property. Thereafter, Beaufort Realty and the owners executed an exclusive right-to-sell agreement.

Upon receipt of the contract, Beaufort Realty prepared a brochure and advertised the property. Although several prospects responded, no sale was consummated prior to expiration of the listing. In December 1985, Long acquired the interests of the other partners.

When the listing agreement expired, Chambers approached Long for a renewal. On two occasions he sent Long exclusive right-to-sell contracts for his signature, neither of which was ever signed.

When he later learned that Long was desperate to sell, Chambers offered to buy Rhett House. Long rejected the offer and, before any further marketing by Beaufort Realty, closed a sale with a New York couple, the Harrisons. No agent of Beaufort Realty had at any time made contact with the Harrisons.

Although it had no part in procuring the sale to the Harrisons, Beaufort Realty claimed a commission based upon an alleged oral exclusive right-to-sell agreement.[1]

## ISSUE

The sole issue is whether Beaufort Realty is entitled to a brokerage commission on the sale of Rhett House.

---

[1] Under this type of listing agreement the realtor has the sole right to sell for a stated period of time. If the property is sold within that period a commission must be paid, even if the owner himself makes the sale. *Wilbur Smith & Assoc. v. National Bank of S. C.*, 274 S. C. 296, 263 S. E. (2d) 643 (1980).

## DISCUSSION

The trial judge granted a directed verdict for Long on the ground that, under *Hallman v. Lipscomb*, 114 S. C. 171, 103 S. E. 513 (1920), Beaufort Realty abandoned its agency when Chambers offered to purchase the property on his own behalf.

In *Hallman*, a real estate broker entered into a contract to purchase a tract of land from the owner who was his principal. After the sale, he sued the owner for a commission. This Court reversed a judgment for the broker, stating:

> The [broker] abandoned the position of agent for the [owner] ... and took the contract directly to himself. The positions of agent to *sell and purchase* are conflicting, and the [broker] could not occupy both positions. [Emphasis supplied].

*Id.* at 173, 103 S. E. at 513.

Beaufort Realty contends the facts in *Hallman* distinguish it from the case here.

This contention is flawed. It rests upon the distinction that, in *Hallman*, a sale was consummated between the broker and the owner, whereas here the owner rejected the broker's offer. However, the rule in *Hallman* is not dependent upon the fact of the sale. Rather, it rests upon the repugnancy of one serving as both broker for a principal and purchaser from that same principal. Accordingly, when Beaufort Realty offered to purchase Rhett House from Long, the relationship of principal and agent was terminated.

The result we reach is underscored by the fact that Beaufort Realty was in no way responsible for or involved in the ultimate sale of Rhett House to the Harrisons.

*Hallman* is in accord with the general rule that the agent renounces his agency when he conducts himself in a manner which is clearly inconsistent with his role as agent. 3 Am. Jur. 2d *Agency* § 49 (1986); 2A C.J.S. *Agency* § 130 (1972); *see also* Restatement (Second) of Agency § 119 (1958).

The trial judge properly directed the verdict.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.