1493

POCO-GRANDE INVESTMENTS, a Partnership consisting of James F. Podell and Phriness E. Cox, Appellant v. C&S FAMILY CREDIT, INC., formerly known as Family Credit Services, Inc., Respondent.

(391 S.E. (2d) 735)

Court of Appeals

*Gerald D. Jowers,* Columbia, *for appellant.*

*Angela L. Henry* of *McKay, McKay & Henry,* Columbia, *for respondent.*

Heard April 17, 1990.

Decided April 30, 1990.

SANDERS, Chief Judge:

Appellant Poco-Grande Investments, a partnership consisting of James F. Podell and Phriness E. Cox, sued respondent C&S Family Credit, Inc., formerly known as Family Credit Services, Inc., alleging "constructive fraud." The Circuit Court granted summary judgment for C&S. We affirm.

C&S foreclosed its mortgage on a house and lot. The foreclosure sale was conducted by the Master-in-Equity for Richland County. The Master advertised that the property would be sold on April 4, 1988, "subject to the lien of Central.Bergin Savings and Loan recorded in the Richland County RMC Office at M254, Page 301 on 1-21-72 having an approximate balance as of February 1, 1988 of $2,332.73." The advertisement ran for three consecutive weeks. The Poco-Grande partnership was the successful bidder at the foreclosure sale, paying five percent of the purchase price at the time of the sale and the balance within the required three weeks. The partners thereafter learned that the amount due on the lien of Central Bergin Savings & Loan was not $2,332.73, but was actually in excess of $12,000.

The dispositive issue presented on appeal is whether "[t]he appellant had the right to rely on the representations made in the Master's notice of sale." Even assuming C&S was responsible for the incorrect information in the notice, the partners had no right to rely on it. "Where there is no confidential or fiduciary relationship, and an arm's length transaction between mature, educated people is involved, there is no right to rely. This is especially true in circumstances where one should have utilized precaution and protection to safeguard his interests." *Florentine Corp. Inc., v. PEDA I, Inc.,* 287 S.C. 382, 386, 339 S.E. (2d) 112, 114 (1985). The partners are sophisticated and mature businessmen. One of them is in the real estate business and the other is a lawyer. It is undisputed that neither of them attempted to verify the amount due on the lien. There is no evidence that they could not have done so. "A party must avail himself of the knowledge or means of knowledge open to him. The court will not protect the person who, with full opportunity to do so, will not protect himself." *King v. Oxford,* 282 S.C. 307, 312, 318 S.E. (2d) 125, 128 (Ct. App. 1984).

Counsel for the partnership argues: "The integrity of Judicial Sales requires that the bidding public be entitled to rely on crucial facts such as the balance on a prior mortgage to which the sale is subject when published in the advertisement of the sale and not corrected or retracted." Counsel concedes, however, that he is unable to cite any authority in support of his argument. We are not persuaded that there is any reason to depart from the well-settled principle that: "Courts do not sit for the purpose of relieving parties who refuse to exercise reasonable diligence or discretion to protect their own interests." *Id.* It is the policy of courts not only to discourage fraud but also to discourage people from inattention to their own interests. *King,* 282 S.C. 307, 318 S.E. (2d) 125.

Counsel for the partnership asserts that the Circuit Court erred in determing that: "Defendant was in no greater relationship to the first mortgage holder than was the Purchaser of the property." Counsel argues that "[t]he record before the Lower Court did not contain any undisputed facts which would disclose any such relationship or lack of one." Counsel further argues that "these relationships were issues

not raised by the Motion for Summary Judgment." We do not regard the statement by the Circuit Court as critical to its decision that the partners had no right to rely on the information in the Master's notice of sale. In any event, the statement has no bearing on our decision that they had no right to rely.

For these reasons, the judgment of the Circuit Court is

Affirmed.

GARDNER and CURETON, JJ., concur.