1651

DESIGNER SHOWROOMS, INC., Respondent v. Spain C. KELLEY and John K. Scott, The General Partners of Kelley-Scott Real Estate, Appellants.

(405 S.E. (2d) 417)

Court of Appeals

*Drew A. Laughlin,* of *McNair Law Firm,* Hilton Head Island, *for appellants.*

*Willima M. Bowen* and *Brian C. Pitts,* both of *Bowen & Smoot,* Hilton Head Island, *for respondent.*

*Carolyn M. Adams* of *Nelson, Mullins, Riley & Scarborough,* Columbia, for the *S.C. Ass'n of Realtors.*

*Joshua Joel Nathan* and *Robert Dana Butters,* Chicago, Ill., *for Nat. Ass'n of Realtors,* as *Amici Curiae.*

Heard March 19, 1991.

Decided May 6, 1991.

GARDNER, Judge:

Designer Showrooms, Inc., through its president, Diane Smith, sued Spain C. Kelley and John K. Scott, the general partners of Kelley-Scott Real Estate (Kelley-Scott), for fraud and deceit and breach of a fiduciary relationship. Upon trial the jury returned a verdict of $40,000 in favor of Designer Showrooms. We affirm.

## FACTS

The essential facts, considered in a light most favorable to Designer Showrooms, reveal that Designer Showrooms hired Kelley-Scott Real Estate under an exclusive agency agreement to sell its property. Spain C. Kelley of Kelley-Scott Real

Estate became a partner of the partnership which purchased Designer Showrooms' property. Kelley-Scott did not disclose Kelley's interest as a part purchaser. After signing the contract of sale but before execution of the deed, however, Diane Smith, president of Designer Showrooms, discovered that Kelley had some sort of interest as a purchaser. The basic fact underlying Designer Showrooms' causes of action is that Kelley, as agent for Designer Showrooms, sold the property to himself.

## ISSUE

The sole issue of merit is whether Designer Showrooms waived its right to bring tort actions against Kelley-Scott.

## DISCUSSION

### I.

We hold that Designer Showrooms had a right to affirm the contract, despite the alleged fraud, and sue Kelley-Scott for actual and constructive fraud.

As a general rule, a party induced to enter a contract by fraud has a choice among causes of action and remedies. If the fraud gives rise to a breach of promise or warranty, he may elect to sue in contract or in tort. In this case, Designer Showrooms elected to sue in tort rather than in contract. A plaintiff, may, *despite the fraud,* elect to affirm the contract and later bring a tort action. *Baeza v. Robert E. Lee Chrysler, Plymouth, Dodge, Inc.,* 279 S.C. 468, 309 S.E. (2d) 763 (Ct. App. 1983). [Emphasis ours.]

The fraud appearing of record in this case was constructive fraud arising from Kelley-Scott's breach of a fiduciary duty it owed Designer Showrooms. The trial judge instructed the jrury that a fiduciary relationship existed between the parties. Kelley-Scott took no exception to this charge and made no argument pertaining to it. That a fiduciary relationship existed between the parties is, therefore, the law of the case.

A breach of a legal or equitable duty, irrespective of moral guilt of the tort-feasor, is a constructive fraud in the eyes of the law. An intent to deceive is an essential element of "actual fraud" but neither actual dishonesty of

purpose nor intent to deceive is an essential element of "constructive fraud," and the presence or absence of such an intent distinguishes actual fraud from constructive fraud. *Greene v. Brown,* 199 S.C. 218, 19 S.E. (2d) 114 (1942). Moreover, constructive fraud has the same legal effect as actual fraud. *State ex rel Daniel v. Strong,* 185 S.C. 27, 192 S.E. 671 (1937).

The position of an agent to sell and purchase are conflicting and a broker cannot occupy both positions. There is a repugnancy of one serving as both broker for a principal and purchaser for that same principal. *Pollitzer v. Long,* 295 S.C. 28, 367 S.E. (2d) 18 (1988). A broker owes a duty to its principal to keep it fully and properly informed of all material facts. *Vacation Time of Hilton Head, Inc. v. Lighthouse Realty, Inc.,* 286 S.C. 261, 332 S.E. (2d) 781 (Ct. App. 1985). In the eyes of the law, Kelley-Scott ceased to be the agent of Designer Showrooms when Kelley became a part purchaser of the tract sold. *See Hallman v. Lipscomb,* 114 S.C. 171, 103 S.E. 513 (1920).

We hold that Kelley-Scott breached the fiduciary duty it owed Designer Showrooms when it failed to disclose that Kelley had become part purchaser and that this constituted constructive fraud. Since under *Baeza,* Designer Showrooms had a right to sue Kelley-Scott in tort *despite the fraud,* there was no waiver and/or estoppel. Moreover, on appeal, Kelley-Scott admits that considering the evidence in a light most favorable to Designer Showrooms, Kelley-Scott did not disclose its interest as a purchaser to Designer Showrooms.

## II.

We find no merit to the remaining exceptions taken by Kelley-Scott.

The refusal of the trial judge to admit into evidence the proffered testimony seeking to impeach Diane Smith's reputation for truth and veracity was within the discretion of the trial judge. *See Winburn v. Ins. Co. of North America,* 287 S.C. 435, 339 S.E. (2d) 142 (Ct. App. 1985). Additionally, there can be no doubt that when a witness is put upon the stand to attack or defend character, on the examination in chief he can only be asked as to the gen-

eral character of the person whose character is in question, and he will not be permitted to testify to particular facts, either favorable or unfavorable. *See State v. Outen*, 237 S.C. 514, 524, 118 S.E. (2d) 175, 180 (1961). Kelley-Scott, in fact, did not proffer the witness's opinion of Diane Smith's general reputation in the community in which she lived for truth and veracity. The proffered testimony is confusing and does not clearly state the witness's opinion of Diane Smith's general reputation for truth and veracity.

Additionally, we find no merit to Kelley-Scott's contention that Designer Showrooms had suffered no damages. Kelley-Scott was not entitled to the $40,000 commission paid by Designer Showrooms because it breached the fiduciary duty owed Designer Showrooms and had ceased to act as Designer Showrooms' agent. We hold the damage award reflected the correct measure of damages under the constructive fraud action.

For the above-stated reasons, the verdict and the trial judge's order denying judgment n.o.v. are affirmed.

Affirmed.

SANDERS, C.J., and GOOLSBY, J., concur.