2010

L. Berry WOODS, Appellant v. STATE of South Carolina, through the S.C. Highway Department, being a department or agency of the State of South Carolina, Respondent.

(431 S.E. (2d) 260)

Court of Appeals

*Rodney M. Brown,* of *Younts, Alford, Brown & Goodson,* Fountain Inn, *for appellant.*

*F. Matlock Elliott,* Greenville, *for respondent.*

Heard Apr. 20, 1993; Decided May 10, 1993.

Reh. Den. June 24, 1993.

LITTLEJOHN, Acting Judge:

L. Berry Woods sued the Highway Department, alleging causes of action for inverse condemnation, equitable estoppel

and constructive fraud arising out of the Department's decision to close one end of Frontage Road, which is adjacent to his property in Greenville County. The circuit court granted summary judgment to the Department and Woods appeals. We affirm.

### I.

Woods argues first that the circuit court erred in dismissing his claim for inverse condemnation. We disagree.

An abutting property owner has a right of access over an existing road adjacent to his property as an appurtenance thereto. *Gray v. South Carolina Dept. of Highways & Public Transportation,* — S.C. —, —, 427 S.E. (2d) 899 (Ct. App. 1992) (Davis Adv. Sh. No. 22 at 20), *rehearing denied,* S.C. Ct. App. Order dated March 29, 1993 (Davis Adv. Sh. No. 9 at 38). An obstruction that materially injures or deprives the abutting property of access for ingress or egress to and from the property is a "taking" of the property for which recovery may be had. *Id.* In this case, Woods had a right of access to Frontage Road upon which his property abuts. This right of access is not materially injured or deprived by the Department's actions in this case. Woods cannot claim a taking due to any loss of access to Fairview Street, however, because his property does not abut Fairview Street. Woods never had a right of direct access to Fairview Street for ingress to or egress from his property.

Furthermore, not all damages suffered by a private property owner at the hands of the governmental agency are compensable. *Gray.* The property itself must suffer some diminution in substance, or be rendered intrinsically less valuable by reason of the public use. *Id.* To warrant recovery, the damage must be different in kind and not merely in degree from that sustained by the public generally. *Id.* In this case, although Woods alleged that the value of his property has declined, he presented no evidence to support this claim. He also did not allege or demonstrate that any damage he suffered was different in kind from that sustained by the public generally. Additionally, Woods did not present evidence by affidavit or otherwise that closing the intersection affected the value of his property in some special way not common to other property in the area. Thus, no "taking" oc-

curred, and Woods has no claim for inverse condemnation. Accordingly, the circuit court correctly dismissed this cause of action.

## II.

Woods next argues the circuit court erred in dismissing his promissory estoppel cause of action. We disagree.

The elements of promissory estoppel are: (1) the presence of a promise **unambiguous in its terms;** (2) reasonable reliance upon the promise by the party to whom the promise is made; (3) the reliance is expected and foreseeable by the party who makes the promise; and (4) the party to whom the promise is made must sustain injury in reliance on the promise. *Powers Const. Co. v. Salem Carpets, Inc.*, 283 S.C. 302, 322 S.E. (2d) 30 (Ct. App. 1984) (emphasis added). Woods did not allege or produce evidence of the presence of a promise unambiguous in its terms, or that Woods sustained injury in reliance on the promise. It was incumbent upon Woods, as the party opposing summary judgment, to set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), SCRCP; *Champion International Corp. v. Eubanks*, 291 S.C. 395, 353 S.E. (2d) 880 (Ct. App. 1987). For these reasons we hold that the circuit court correctly dismissed this cause of action.

## III.

Woods argues the circuit court erred in dismissing his constructive fraud cause of action. We disagree.

In *Giles v. Lanford & Gibson, Inc.,* 285 S.C. 285, 328 S.E. (2d) 916 (Ct. App. 1985), the Court stated:

> Constructive fraud is a breach of legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests.
> Neither actual dishonesty of purpose nor intent to deceive is as essential element of constructive fraud. An intent to deceive is an essential element of actual fraud. The presence or absence of such an intent distinguishes actual fraud from constructive fraud.

* * * * * *

An allegation that the defendant ought to have known the falsity of the misrepresentation is sufficient to support an action for constructive fraud.

328 S.E. (2d) at 918 (citations omitted). *Accord Designer Showrooms, Inc. v. Kelley,* 304 S.C. 478, 405 S.E. (2d) 417 (Ct. App. 1991).

In this case, Woods did not allege any representation. Even if we were to liberally read his complaint as alleging a representation of some kind, he presented evidence of nothing more than a mere promise to do something (or not to do something) in the future. To establish constructive fraud all elements of actual fraud except the element of intent must be established. *O'Quinn v. Beach Associates,* 272 S.C. 95, 249 S.E. (2d) 734 (1978). In an action for actual fraud, the alleged representation must be one of existing fact, not merely promises or statements as to future events which later were unfulfilled. *Schie v. Gay & Taylor, Inc.,* 290 S.C. 31, 347 S.E. (2d) 910 (Ct. App. 1986). Unless the plaintiff can show that a defendant made a promise of future action with no intention of fulfilling the promise at the time it was made, the representation cannot be the basis of an action for fraud. *Id.* The truth or falsity of a representation must be determined as of the time it was made or acted on and not at some later date. *Winburn v. Insurance Co. of North America,* 287 S.C. 435, 339 S.E. (2d) 142 (Ct. App. 1985). Evidence of mere nonperformance of a promise is not sufficient to establish either fraud or a lack of intent to perform. *Id.* Nonobservance of a promise may support an inference of a lack of intent to perform only when it is coupled with other evidence. *Id.* Woods did not allege that the speaker made the alleged promise with the intent, in 1956, not to keep it. He does not even allege that the speaker ought to have known of the falsity of the representation, assuming there was a false representation in 1956.

Furthermore, in a constructive fraud case, where there is no confidential or fiduciary relationship, and an arm's-length transaction between mature, educated people is involved, there is no right to rely. *Poco-Grande Investments v. C & S Family Credit, Inc.,* 301 S.C. 322, 391 S.E. (2d) 735 (Ct. App. 1990). This is especially true in circum-

stances where one should have utilized precaution and protection to safeguard his interests. *Id.* Woods did not allege or present evidence of any fiduciary relationship. He also did not describe how he had a right to rely, even if there was a misrepresentation in 1956.

Finally, Woods presented no evidence of resulting damages, other than his bare assertion that the value of his property had decreased. An action for damages based upon fraudulent misrepresentation, even constructive fraud, will not exist in the absence of damages occasioned by the fraud. *O'Quinn.*

We hold that Woods's complaint is inadequate insofar as he attempted to allege constructive fraud on the part of the Department. Additionally, Woods did not set forth specific facts showing there was a genuine issue for trial regarding his constructive fraud cause of action. Accordingly, we affirm the trial court's grant of summary judgment for the Department.

## IV.

In view of our disposition of the other issues in this case, we hold that Woods's claim that the circuit court should not have addressed summary judgment as to his equitable estoppel and constructive fraud claims is manifestly without merit. S.C. Code Ann. § 14-8-250 (Supp. 1992) and Rule 220(b)(2), SCACR. We note that the circuit court held all of the issues were "subsumed" in the inverse condemnation claim, and Woods did not argue against that ruling on appeal. In any event, even if the grounds were not included in the motion for summary judgment, the trial court may rule on the grounds as tendered to the court in argument without objection. *Turbeville v. Floyd*, 288 S.C. 171, 341 S.E. (2d) 651 (Ct. App. 1986).

Accordingly, the judgment below is

Affirmed.

GARDNER and BELL, JJ., concur.