### 7962

#### RUSSELL v. TILLMAN.

Notes—Parol Evidence.—Under defense of failure of consideration set up in the answer here, parol evidence as to the consideration of a note, expressed for "value received," does not vary or contradict the terms of the note.

Before ERNEST MOORE, Special Judge, Lancaster. Reversed.

Action by S. S. Russell against J. A. Tillman and D. C. Barnes. Defendants appeal.

*Mr. R. E. Wylie,* for appellant, cites: *Evidence responsive to allegations in pleadings is not incompetent:* 82 S. C. 276; 79 S. C. 502; 70 S. C. 11. *Failure of consideration:* 25 S. C. 136.

*Mr. J. Harry Foster,* contra, cites: *No plea of confession and avoidance, evidence as to consideration is incompetent:* Thomp. on Neg., sec. 2506; 46 L. R. A. 238; 70 S. C. 211; 75 S. C. 68; 84 S. C. 120; Pom. Rem., secs. 673, 691; 73 S. C. 510; 51 S. C. 95, 158; 73 S. C. 507; 66 S. C. 217; 58

S. C. 32; 1 Ency. P. & P. 845; 4 S. C. 49; 9 S. C. 281; 58 S. C. 32; 27 S. C. 621. *Evidence ruled out was incompetent:* 46 S. C. 227; 83 S. C. 204; 27 S. C. 380; 42 S. C. 66; 20 S. C. 57; 40 S. C. 145. *Two things are necessary to constitute fraud:* Smith on Fraud, sec. 1; Coolie on Torts 474-486; 7 Am. St. R. 216; 4 Id. 282; 12 Id. 29; 14 Id. 404; Bigelow on Fraud 128.

July 8, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action on a promissory note, of which the following is a copy:

"$97.24.                Lancaster, S. C., March 20, 1909.

On or before the first of November next (1909), we promise to pay to S. S. Russell, at Columbia, S. C., ninety-seven and 24-100 dollars, for value received. Signed, J. A. Tillman, D. C. Barnes."

The answer of the defendants, was as follows:

1. "That they deny each and every allegation contained in the complaint, excepting those allegations hereinafter admitted.

2. "That they admit that on or about the 20th day of March, 1909, at Lancaster, S. C., they executed a certain promissory note for $97.24, made payable to the plaintiff on November 1, 1909, and delivered same to one C. G. Garrett, colored, the agent of the plaintiff, but these defendants aver that no consideration, whatever, has moved from the plaintiff to these defendants, and they therefore plead a failure of consideration of said note, for the reasons set forth in the succeeding paragraphs of this answer.

3. "That plaintiff, through his said agent, C. G. Garrett, colored, on or about March 20, 1909, sold to these defendants, the exclusive right to sell in the said county of Lancaster, certain quilters, known as the 'Favorite Quilter,' the county right being, as said agent claimed, the sum of

17—89

$121.24.  That the said agent represented, that there was good money in the sale of his quilters, and promised to ship immediately to defendants, a number of the quilters, at and for the price of $1.95 each, which defendants were to sell for $4.45 each, and from the sales defendants were to remit to plaintiff $1.95 for each quilter sold.  That the defendants relying upon the good faith and representations, of the agent of the plaintiff, at the earnest request of said agent, paid to the said agent the sum of ($24.00) dollars, in part of said county right, and executed their joint note for $97.24, the balance of said county right, and delivered said note to the said agent of plaintiff.  That defendants at the same time, paid to the said agent, the sum of $2.50 for a model or sample of the said 'Favorite Quilter,' which is absolutely worthless.

4. "That the plaintiff has wholly failed to carry out his part of the contract, and has never sent, as he promised by his said agent, any of the said quilters.

5. "That these defendants have been deceived, defrauded and damaged by plaintiff, through his said agent, and therefore set up, by way of counterclaim to plaintiff's action, the sum of $26.50, paid as above set forth by these defendants, to the said agent of plaintiff."

We have reproduced the answer in full, for the reason that his Honor, the presiding Judge, ruled that it interposed only two defenses, to wit, fraud and a counterclaim.

The instrument of writing, assigning to the defendants, the exclusive right to sell the quilters in Lancaster county, recites that the consideration was the sum of $121.24, paid in hand to the plaintiff, the receipt of which was therein acknowledged.  There was testimony tending to show failure of consideration arising out of the nonperformance of the plaintiff of his part of the contract.  The record shows that his Honor, the presiding Judge, made the following ruling:

"Mr. Foster: I move to strike out all evidence which, in any way, seeks to vary or change the terms of this note.

"The Court: Yes, sir. He can't vary the terms of the note by parol evidence. Anything that varies the note or contract I will have to strike out."

At the close of the testimony, the plaintiff's attorney made a motion for the presiding Judge to direct a verdict in favor of the plaintiff, for the amount of the note, less the counterclaim of $26.50, which was granted, on the ground that there was no testimony tending to show fraud and that the only other defense, upon which the defendants could rely, was the counterclaim for $26.50.

The practical question presented by the exceptions is, whether there was error on the part of the presiding Judge, in striking out the testimony hereinbefore mentioned, on the ground that it tended to vary, the terms of the note and the said instrument of writing, assigning the right to sell the quilters in Lancaster county.

By reference to the answer of the defendants, it will be seen, that it interposes three defenses: Failure of consideration, fraud and a counterclaim.

"When the note expresses no consideration, or a merely formal or general consideration, as by the usual words *value received,* or by similar general or formal expressions, it is evident that if the true consideration, rests in an agreement, written or oral between the parties, the proof of such agreement, does not necessarily tend to change the terms of the note, although by showing the true consideration upon which it was given, it may control the recovery upon the note." *McGrath & Byrum* v. *Barnes,* 13 S. C. 328.

In the case of *Groesbeck* v. *Marshall,* 44 S. C. 538, 22 S. E. 743, the action was on a promissory note, executed by J. Q. Marshall in favor of John W. Stokes as payee, who endorsed the note after maturity, to the plaintiff Groesbeck. The defendant Marshall, contemporaneously with the execution of the note, took from Stokes a receipt, and

after maturity of the note, the said J. Q. Marshall delivered a certificate to J. Foster Marshall, which instruments of writing were introduced in evidence, for the purpose, among other things, of showing failure of consideration of the note. The ruling of the Court in that case was as follows: "We will next consider whether parol evidence was admissible, to show the * * * failure of consideration of the note. The note recites simply, that it was for *value received.* In a case of this kind the case of *McGrath & Byrum* v. *Barnes,* 13 S. C. 328, shows that parol evidence is admissible, to show the true consideration * * *. The receipt and certificate were introduced in evidence, by the plaintiff, for the purpose of showing the consideration. Defendant's testimony was introduced, for the purpose of showing the consideration of the *note,* and not for the purpose of varying the terms of the receipt and certificate. The receipt and the certificate were to be considered by the jury, in coming to a conclusion as to what, was the real consideration of the note, but their introduction in evidence, did not prevent the defendant from showing the real consideration thereof." These authorities show that the presiding Judge erred in striking out said testimony.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court, for a new trial.