0831

M. Daniel ISEMAN, Appellant v. David R. HOBBS, Respondent.

(351 S. E. (2d) 351)

Court of Appeals

*Robert P. Wood,* Columbia, *for appellant.*

*James E. Parham, Jr.,* Columbia, *for respondent.*

Heard Oct. 14, 1986.

Decided Dec. 15, 1986.

BELL, Judge:

David R. Hobbs instituted this action to recover on a twenty thousand dollar promissory note signed by M. Daniel Iseman. Iseman unsuccessfully attempted to introduce evidence the note was unsupported by consideration. The circuit judge directed a verdict in Hobb's favor for $25,699.00, including the amount of the note, interest, and attorney's fees. Iseman appeals. We reverse and remand.

Iseman signed a promissory note dated February 8, 1984, in which he promised to pay Hobbs twenty thousand dollars

and ten percent interest from the date of execution. The first sentence of the note recited the promise was "FOR VALUE RECEIVED." The note came due on August 8, 1984.

On October 10, 1984, Hobbs filed an action to recover the money owed under the note. Iseman pleaded lack of consideration as a defense. The trial judge, over Hobbs's objection, admitted Iseman's testimony that he had never received anything of value from Hobbs. At the close of the trial, the judge granted Hobbs's motion for directed verdict. The judge ruled Iseman's testimony regarding consideration was inadmissible under the parol evidence rule. He therefore awarded Hobbs twenty thousand dollars of principal, ten percent interest from February 9, 1984, and attorney's fees of two thousand dollars.

This note is governed by the provisions of Article Three of the Uniform Commercial Code, Sections 36-3-101 to -805, Code of Laws of South Carolina, 1976. Under Section 36-3-408, want of consideration is a valid defense against a holder who is not a holder in due course. The sole issue before this Court is whether parol evidence is admissible to show lack of consideration for a note that contains the recital "for value received."[1] Since Article Three provides no explicit resolution of this issue, we must look to South Carolina common law. Section 36-1-103, Code of Laws of South Carolina, 1976. *Cf. Peoples Bank of South Carolina, Inc. v. Robinson*, 272 S. C. 155, 249 S. E. (2d) 784 (1978).

When a written agreement is clear and complete, extrinsic evidence of agreements or understandings contemporaneous with or prior to execution of a written instrument cannot be used to contradict, explain, or vary its terms. *Pee Dee State Bank v. National Fiber Corp.*, 287 S. C. 637, 340 S. E. (2d) 569 (Ct. App. 1986). At trial Hobbs successfully argued that any testimony showing lack of consideration would contradict the recital "for value received."

The rule is well settled in this State that parol evidence is admissible to show a different consideration from that expressed in a written instrument when language of consideration is intended as a mere recital, but

---

[1] Hobbs argues, in addition, that Iseman contracted away his right to raise any defense to the note. The record, however, does not show that this issue was raised at trial, and as a result, it is not properly before this Court. *Timms v. Timms*, 286 S. C. 291, 333 S. E. (2d) 74 (Ct. App. 1985).

not when it is contractual. *See Halsey v. Minnesota-South Carolina Land & Timber Co.*, 174 S. C. 97, 177 S. E. 29 (1934); *Shelton v. Skyland Stages, Inc.*, 170 S. C. 100, 169 S. E. 718 (1933); *Gladden v. Keistler*, 141 S. C. 524, 140 S. E. 161 (1927). Thus, if the consideration recited is an act or forbearance, as distinguished from a promise or covenant, it may be shown that it did not take place and that therefore the writing is gratuitous and unenforceable. On the other hand, if a promise or covenant is recited as having been made as consideration, this recital cannot be contradicted, explained, or varied by extrinsic evidence. In the present case, the phrase "for value received" is not a recital of a promise or covenant, but a recital that an act (i.e., the receipt of value) has occurred. Contradiction of the fact of receipt would in no way alter the contractual terms of the note.

This case is factually similar to *Russell v. Tillman*, 89 S. C. 256, 71 S. E. 836 (1911), which also involved a note given "for value received." In *Russell*, our Supreme Court held the parole evidence rule did not prohibit the makers from introducing evidence of the nature and failure of the consideration. We see no reason to hold otherwise here. Iseman's testimony neither varied nor contradicted the written terms of the bargain and should have been admitted at trial. Both parties were entitled to present evidence as to whether value was received. Accordingly, the order of the circuit court is

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.