**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EUGENE V. FIFE; LU ANN L. FIFE,
<u>Plaintiffs-Appellants,</u>

v.

KIAWAH ISLAND UTILITY,

No. 97-1307

INCORPORATED; KIAWAH RESORT
ASSOCIATES, L.P., d/b/a Kiawah
Resort Associates,
<u>Defendants-Appellees.</u>

HENRY GARRETSON; MARIANNA
GARRETSON,
<u>Plaintiffs-Appellants,</u>

v.

KIAWAH ISLAND UTILITY,
INCORPORATED; KIAWAH RESORT

No. 97-1342

ASSOCIATES, L.P., d/b/a Kiawah
Resort Associates,
<u>Defendants-Appellees,</u>

NATIONWIDE MUTUAL INSURANCE
COMPANY,
<u>Movant.</u>

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-95-3778-2-18, CA-95-1843-18-2)

Argued: October 2, 1997

Decided: December 19, 1997

Before WILKINSON, Chief Judge, RUSSELL, Circuit Judge, and
BOYLE, Chief United States District Judge for the
Eastern District of North Carolina, sitting by designation.

_____

Affirmed by unpublished opinion. Chief Judge Boyle wrote the opinion, in which Chief Judge Wilkinson and Judge Russell joined.

_____

## COUNSEL

**ARGUED:** John L. Choate, COZEN & O'CONNOR, Atlanta, Georgia; Henry Ellerbe Grimball, BUIST, MOORE, SMYTHE & MCGEE, Charleston, South Carolina, for Appellants. Thomas Jackson Wills, IV, BARNWELL, WHALEY, PATTERSON & HELMS, L.L.C, Charleston, South Carolina, for Appellees. **ON BRIEF:** Allan Levin, COZEN & O'CONNOR, Atlanta, Georgia; Clara A. Robertson, III, ROBERTSON & ASSOCIATES, Charleston, South Carolina, for Appellants. Warren W. Ariail, BARNWELL, WHALEY, PATTERSON & HELMS, L.L.C., Charleston, South Carolina; George T. Walker, PRATT-THOMAS, PEARCE, EPTING & WALKER, P.A., Charleston, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

BOYLE, Chief District Judge:

Appellants Eugene and Lu Ann Fife and Henry and Marianna Garretson (collectively "Appellants") filed this action against Appellees Kiawah Resort Associates, L.P. ("KRA") and Kiawah Island Utility, Inc. ("KIU") in United States District Court for the District of South Carolina. The complaint stated claims for breach of contract, negli-

2

gence and breach of warranty under South Carolina law. KRA and KIU filed a Motion for Summary Judgment on all claims, which was granted by the district court. The Fifes and Garretsons now appeal.

## FACTS

Appellants are former adjacent homeowners on Kiawah Island whose homes were destroyed by fire on July 20, 1994. KRA, a limited partnership, purchased Kiawah Island in 1988 and continued the island's commercial and residential development. Pursuant to a Management Services Agreement, KRA provides general management services to KIU, its wholly-owned subsidiary and the sole provider of potable water and sewer services to island residents. The South Carolina Public Service Commission ("PSC") regulates KIU's rates, and the South Carolina Department of Health and Environmental Control ("DHEC") promulgates guidelines and minimum fire flow requirements for KIU.

In 1990 and 1991, Appellants purchased lots on the island and executed a "Waiver and Real Property Agreement" by which they agreed to receive water services from KIU. KIU was not obligated under this agreement to provide water for fire protection, although on several subsequent occasions KIU intimated that fire protection was in fact one service it provided. On one occasion in 1992, KIU claimed in an application to the PSC that a rate increase was essential to providing ample water pressure for fire protection purposes. Then, in 1993, KIU circulated a pamphlet entitled "Water Views," discussing the water system's fire protection capabilities and correlation to reduced insurance rates.

Less than one year later, a fire destroyed Appellants' homes. During the fire, the water flow ranged from 800-1000 gallons-per-minute (gpm). Appellants recovered under their respective fire insurance policies for their losses and then brought this action to recover from KRA and KIU for breach of contractual duties and common law duties arising from statute, property interest, professional relationship and assumption of responsibility.

## DISCUSSION

Summary judgment disposes of factually unsupported claims or defenses and requires the moving party to allege the absence of a gen-

3

uine issue of material fact in the pleadings of the other party. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). The opposing party must then go beyond the pleadings to show the existence of a genuine issue of material fact for trial. Celotex, 477 U.S. at 324. If no genuine issue exists, summary judgment is proper. A district court's grant of summary judgment is subject to de novo review. Carbon Fuel Co. v. USX Corp., 100 F.3d 1124, 1132 (4th Cir. 1996).

1. Tort Liability for Breach of Contractual Duty

Appellants first claim that the district court erred in finding that KRA and KIU were not liable for breach of a contractual duty. South Carolina law requires that, to sue a utility in tort for breach of contract, there must be an express contractual undertaking by the utility and the plaintiff must be either a party to or an intended third party beneficiary of that contract. Ancrum v. Camden Water, Light & Ice Co., 64 S.E. 151, 155 (S.C. 1909); German Alliance Ins. Co. v. Home Water Supply Co., 226 U.S. 220, 230-31 (1912).

Appellants argue that KRA and KIU owed a contractual duty to provide water to Kiawah Island properties for fire protection based on payment of KIU's utility bills. They argue further that water for fire protection was an implied term of this contract, pointing to KIU's application to the PSC and its "Water Views" article as evidence. Finally, Appellants argue that a contractual duty arose from KRA's management services agreement with KIU. These arguments are without merit.

There was no contract, implied or otherwise, between Appellants and KIU that required KIU to provide water for fire protection. KIU's water bills covered landscape irrigation and its consumption charges related to domestic use of the water, not fire protection. The "Waiver and Real Property Agreement" between the parties did constitute a contract but, while clearly and unambiguously identifying various other services, it was silent on the issue of fire protection. As such, the parol evidence rule precludes Appellants from now reading into this contract new and unanticipated obligations. Gilliland v. Elmwood Properties, 391 S.E.2d 577, 581 (S.C. 1990) (citing Iseman v. Hobbs, 351 S.E.2d 351 (S.C.Ct.App. 1986)).

4

Additionally, KRA's management services agreement with KIU neither identifies Appellants as third party beneficiaries nor indicates that KRA or KIU expressly assumed liability for any losses or damages resulting from negligent performance of their duties. Absent an express contractual undertaking, neither KRA nor KIU is liable for damages incurred by Appellants. See Ancrum, 64 S.E. at 155.

Accordingly, the district court properly granted summary judgment on this issue.

2. Tort Liability for Breach of Statutory Duty

Appellants next contend that the district court erred in finding no statutory duty obligating KIU and KRA to provide adequate fire flow. South Carolina law provides that an express contractual undertaking is not a prerequisite for suing in tort for breach of a duty arising independently of a contract. In such cases, a duty may arise by statute, property interest, relationship or other special circumstances. Miller v. City of Camden, 451 S.E.2d 401 (S.C.Ct.App. 1994).

Appellants argue that KIU owed a statutory duty to provide adequate fire flow pursuant to DHEC Regulations which provide: "If a standard (4" to 6") hydrant is proposed, the fire flow requirements of the Insurance Service Office [ISO] should be met; but in no case shall the design flow be less than 500 gpm over and above domestic requirements." DHEC Regulation § 61-58.4(D)(9). Prior to the fire, the ISO[1] evaluated the water system and concluded that 2500 gpm of water were necessary to provide adequate fire protection. Notwithstanding the ISO guidelines, KIU's water system provided only 800-1000 gpm at the time of the fire. Appellants attempt to "borrow" the ISO standard referenced here to show that KIU's noncompliance satisfies the "class of harm, class of person" standard thereby constituting negligence per se. See Whitlaw v. Kroger Co. , 410 S.E.2d 251, 252 (S.C. 1991) (quoting Rayfield v. South Carolina Dep't of

_____

[1] ISO is an organization utilized by insurance companies to evaluate the fire delivery system of communities for insurance purposes. It is not a governmental entity that promulgates regulations or guidelines with the force of law.

5

Corrections, 374 S.E.2d 910, 914 (S.C.Ct.App. 1988) cert. denied, 379 S.E.2d 133 (1989)). Appellants' argument is without merit.

A statutory duty did exist but KIU did not breach that duty. The DHEC regulation merely provides that water companies"should" meet ISO standards, but "shall" not provide less than 500 gpm in excess of domestic use requirements. DHEC's use of the words "should" -- whose plain meaning denotes discretion -- and "shall" -- whose plain meaning denotes mandate -- makes clear that the ISO guidelines are recommendations, not requirements, for water companies. This discriminating word choice pervades the statute,[2] suggesting it was not a product of inadvertence but rather a calculated attempt to provide greater guidance for interpreting the statute and complying with its provisions. Thus, KIU's statutory duty arose not from the ISO guidelines but from the "500 gpm" requirement and the 800-1000 gpm of water flow at the time of the fire clearly satisfied this duty.

Accordingly, the district court properly granted summary judgment on this issue.

3. <u>Tort Liability For Breach of Duty Arising From Property Interest, Professional Relationship or Assumption of Responsibility</u>

The remaining assignments of error are likewise without merit and were thus properly disposed of by summary judgment.

<u>CONCLUSION</u>

The judgment of the district court is affirmed in its entirety.

<u>AFFIRMED</u>

_____

[2] For example, paragraph (D)(1) ("Materials Standards") provides: "Pipe, fittings, packing, jointing, materials, valves and fire hydrants <u>shall</u> conform to Section C of the American Waterworks Association Standards. . . . In the absence of such standards, materials meeting applicable product standards and acceptable to the Department <u>may</u> be selected." <u>Id.</u> (emphasis added).

6