THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Jack Woodham, d/b/a Indian Hill Farms,       
Respondent,
 
 
 

v.

 
 
 
Robert L. Wiley,       
Appellant.
 
 
 

Appeal from Florence County
B. Hicks Harwell, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-538
Submitted September 1, 2005  Filed October 3, 2005   

REVERSED AND REMANDED

 
 
 
Kenneth E. Merriman, of Florence, for Appellant.
H. Thad White, Jr., of Florence, for Respondent.
 
 
 

PER CURIAM:  Robert L. Wiley appeals a circuit court order granting summary judgment to Jack Woodham, d/b/a Indian Hill Farms (collectively Woodham) on Woodhams action to enforce a promissory note Wiley gave Woodham.  We reverse.
FACTS / PROCEDURAL BACKGROUND
Wiley hired Woodham to perform grading, compacting, and drainage work for the roads in the Savannah Heights Subdivision in Florence County, which Wiley was developing.  Wiley paid Woodham in cash each week until his funds became depleted.  Woodham agreed to continue working, in exchange for which Wiley gave Woodham an unsecured promissory note.  The note provided:

FOR VALUE RECEIVED, the undersigned promises to pay Jack Woodham and Johnford Murray d/b/a Indian Hill Farms,[1] or order, the principal sum of FIFTEEN THOUSAND AND NO/100 ($15,000.00) DOLLARS, without interest.  The said principal shall be payable . . . within ninety (90) days of the approval of the Savannah Heights Subdivision roads and drainage.  If this note is not paid within ninety (90) days of the approval of the Savannah Heights Subdivision roads and drainage, any sum remaining due and owed on this Note will begin to accrue interest at the rate of eight per cent (8.0%) per annum from the date of approval, PROVIDED HOWEVER; no payment shall be due on this Note nor shall any interest accrue on this Note until such time that the County of Florence approves the Savannah Heights Subdivision roads and drainage.  The right to prepay all or a part of this Note without penalty is granted.

(emphasis in original).  The note also provided for reasonable attorneys fees and costs in the event of default.  
Woodham continued working for approximately one additional week, at which point he informed Wiley he could do nothing further until rain fell on the work site.  According to Woodham, once rain fell, he could finish the compacting.  
Shortly thereafter, a utility company working on the site dug trenches across the road, causing damage.  The damage caused by the utility company apparently created additional work for the road, necessitating repair before the road project could be completed.  Woodham demanded an additional sum from Wiley to repair this damage.  Wiley declined to pay any additional consideration to Woodham, who then refused to work further on the project.  Wiley hired another contractor to repair the damage and complete the work.  
Florence County approved the subdivision.  After ninety days passed, Woodham sought payment under the note, which Wiley refused.
Woodham brought the present action seeking payment on the note.  Wiley answered, asserting that Woodham was not entitled to payment on the note because Woodham failed to perform under their agreement.    
Woodham moved for summary judgment pursuant to Rule 56, SCRCP.  Wiley sought to defeat summary judgment due to Woodhams failure to perform.  The circuit courtrelying on the recital in the note of FOR VALUE RECEIVEDrefused to allow extrinsic evidence. The circuit court granted summary judgment for Woodham, finding the note required payment to Wiley when the subdivisions roads and ditches passed the Countys inspection, which undisputedly had occurred.  The court awarded Woodham the amount due under the note and attorneys fees.  Wiley appealed.
 STANDARD OF REVIEW
When reviewing the grant of a summary judgment motion, this court applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fleming v. Rose, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002).  In determining whether a triable issue of fact exists, the evidence and all
factual inferences drawn from it must be viewed in a light most favorable to the nonmoving party.  Summer v. Carpenter, 328 S.C. 36, 42, 492 S.E.2d 55, 58 (1997).  
ANALYSIS
We agree with Wiley that the circuit court erred in refusing to allow extrinsic evidence that Woodham had failed to perform the grading services contemplated as the consideration for the note.   We find the case of Iseman v. Hobbs, 290 S.C. 482, 351 S.E.2d 351 (Ct. App. 1986) persuasive.  In Iseman, this court addressed whether parol evidence was admissible to show lack of consideration for a note that contained the recital for value receivedthe exact language at issue in the note in the present case.  The court held that parol evidence should have been considered:

The rule is well settled in this State that parol evidence is admissible to show a different consideration from that expressed in a written instrument when language of consideration is intended as a mere recital, but not when it is contractual. Thus, if the consideration recited is an act or forbearance, as distinguished from a promise or covenant, it may be shown that it did not take place and that therefore the writing is gratuitous and unenforceable. On the other hand, if a promise or covenant is recited as having been made as consideration, this recital cannot be contradicted, explained, or varied by extrinsic evidence. In the present case, the phrase for value received is not a recital of a promise or covenant, but a recital that an act (i.e., the receipt of value) has occurred. Contradiction of the fact of receipt would in no way alter the contractual terms of the note.

Id. at 483-84, 351 S.E.2d at 352-53 (emphasis added) (internal citations omitted).
We find Iseman v. Hobbs controlling and construe the language of consideration here as mere recital, thereby permitting the court to properly consider the parol evidence offered by Wiley.  Accordingly, when such evidence is considered, a genuine issue of material fact exists, rendering summary judgment inappropriate.
CONCLUSION
The circuit court erred in not considering the evidence of Woodhams failure to perform under the contract.  That evidence creates a genuine issue of material fact.  The grant of summary judgment to Woodham is reversed and the matter is remanded. 
REVERSED AND REMANDED.
HEARN, C.J., STILWELL and KITTREDGE, JJ., concur.

[1] Johnford Murray is not a party to this appeal.