**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

ScanSource, Inc., Respondent,

v.

Dependable Technology Center, LLC and George G. Moraru, Petitioners.

Appellate Case No. 2024-001671

---

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

---

Memorandum Opinion No. 2025-MO-034
Heard May 13, 2025 – Filed June 18, 2025

---

**REVERSED AND REMANDED**

---

J. Falkner Wilkes, of Oakland, MS, and William R. McKibbon, III, of Greenville, both for Petitioners.

Robert Alan Pohl, of POHL, PA, of Greenville, for Respondent.

---

**PER CURIAM:** ScanSource, Inc. (ScanSource) brought this collection action against Dependable Technology Center, LLC (DTC) and its owner, George G. Moraru (collectively, Petitioners). The court of appeals affirmed the trial court's ruling that Moraru's personal guarantee agreement was valid and enforceable as a

matter of law and directing a verdict in favor of ScanSource. *ScanSource, Inc. v. Dependable Technology Center, LLC*, Op. No. 2024-UP-260 (S.C. Ct. App. filed July 17, 2024). We granted certiorari.

During trial, DTC confessed judgment, and there is now no dispute DTC owes ScanSource $149,379.07. The only question before us is whether Moraru is also liable for this debt based on the personal guarantee. We reverse and remand for a new trial on the validity and enforceability of Moraru's personal guarantee.

## I.

The collection action proceeded to trial before a jury. As its first witness, ScanSource called its Director of Financial Services, Steven Zielinski. Zielinski testified DTC submitted its first credit application to ScanSource in April 2013. Simultaneously, Moraru executed and delivered his personal guarantee. ScanSource then had admitted into evidence, without objection, two later credit applications it had received from DTC. Zielinski testified ScanSource began doing business with DTC in 2013 and first issued an invoice to DTC in 2014. He testified DTC currently owed $149,379.07 on the account.

On cross examination, Petitioners' counsel asked Zielinksi why ScanSource had denied DTC's April 2013 application. ScanSource objected, noting it had not seen any documents or discovery to support proof of the denial. The trial court allowed the lawyers to argue their positions outside the jury's presence. Petitioners' counsel proffered an email chain from ScanSource employees advising that DTC's April 2013 application was in fact denied.

The trial court, no doubt surprised by the rush of events, engaged in a lengthy discussion with counsel in an attempt to understand the turn in the evidence and the discovery history of the case. To that end, the trial court reviewed the personal guarantee and deemed it "valid." At that point, the dialogue digressed, and ultimately the trial court granted ScanSource's motion for directed verdict against both Petitioners.

## II.

We hold the trial court erred in ruling the personal guarantee was valid and enforceable as a matter of law. As with any contract, a guarantee agreement must be formed with an offer, acceptance, valuable consideration, and a meeting of the minds as to all essential terms. *Lowndes v. McCabe Fertilizer Co.*, 157 S.C. 371,

378, 154 S.E. 641, 643–44 (1930); *Crafton v. Brown*, 346 S.C. 347, 353, 550 S.E.2d 904, 907 (Ct. App. 2001).  The proffered email exchange provides an inference that the guarantee may not have been accepted or been otherwise enforceable.  *See, e.g.*, *Iseman v. Hobbs*, 290 S.C. 482, 484, 351 S.E.2d 351, 352–53 (Ct. App. 1986) (holding that, when the contract stated consideration was "for value received," evidence was admissible to determine whether the consideration had actually been received and an enforceable contract formed); *Russell v. Tillman*, 89 S.C. 256, 259–60, 71 S.E. 836, 836–37 (1911) (same); 17A Am. Jur. 2d Contracts § 110, Westlaw (database updated May 2025) ("[A] mere recital of receipt of consideration in a simple written contract does not preclude proof that the consideration was never paid, even for the purpose of preventing the contract from having legal operation.").

Petitioners' defenses—that the guarantee lacked consideration, was never accepted, and was otherwise unenforceable—should have been decided by a jury.  *See Crossley v. State Farm Mut. Auto. Ins. Co.*, 307 S.C. 354, 357, 415 S.E.2d 393, 395 (1992) (explaining that, on a directed verdict motion in a contract formation case, this Court views "the evidence and all inferences which may reasonably be drawn therefrom in the light most favorable to [the non-moving party]").  We therefore reverse and remand for a new trial as to Moraru's personal liability for DTC's debt.

**REVERSED AND REMANDED.**

**KITTREDGE, C.J., FEW, JAMES, HILL, JJ., and Acting Justice Jocelyn Newman, concur.**