0023

David HUGUENIN as Administrator of the Estate of Edward P. Huguenin, Respondent, v. Weldon E. WALL and Harold H. Wall, Appellants.

(309 S. E. (2d) 794)

Court of Appeals

*James B. Richardson, Jr.,* of *Ham & Richardson,* Columbia, *for appellants.*

*R. Thayer Rivers,* Ridgeland, and *Darrell Thomas Johnson, Jr.,* Hardeeville, *for respondent.*

Dec. 12, 1983.

GARDNER, Judge:

This is an action on account. We affirm.

The original complaint by the Respondent, Huguenin, against the Appellants Wall, was jumbled and prayed for both a money judgment and an accounting. The case was placed on the calendar for jury trial. Respondent filed a motion to transfer the case to the non-jury calendar. A hearing was held on June 20, 1980. At this hearing Respondent moved the court to permit him to amend his complaint. The court allowed the Respondent to amend and the amended complaint states a cause of action for money owed and demands judgment therefor. After granting Respondent's motion to amend his complaint, the trial judge denied Appellants' motion to place the case on the non-jury calendar.

The amended complaint alleges an action for the collection of a debt for the sale of three tracts of land. These tracts of land were sold and conveyed to the Walls by Huguenin; the first two tracts for One Hundred and Eighty Three Thousand Four Hundred Forty Dollars on March 22, 1982; the third tract

was sold on October 19, 1974 for Forty Thousand Dollars. Certain debts of Huguenin were paid at the closing; no promissory notes or mortgages were given for the balance. The Walls promptly mortgaged the property to the Federal Land Bank to secure sizeable debts.

The case was tried and the jury returned a verdict for Huguenin in the amount of One Hundred Thousand ($100,000) Dollars.

Appeal counsel for Appellants, Mr. James B. Richardson, Jr., for whom this court has the highest respect, argues there was insufficient evidence to support the jury verdict. We disagree. After a careful study of the record, we hold that under our scope of review, there was sufficient evidence to support the verdict. This court can only reverse a jury verdict when the verdict discloses there is insufficient or no evidence which reasonably supports the jury's findings. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

Appellants also contend the trial judge should have charged the jury the "clean hands" doctrine. Proper motions were made by Appellants for this charge and objections were timely entered upon the court's refusal to give the charge as requested. This ground was urged on Appellants' motion for judgment N.O.V. In a lengthy order, reflecting the careful attention given by the trial judge during the process of the trial, the motion for judgment N.O.V. was denied. The order contained the following:

> "Considering the actions of the Defendants, the admitted condition of the Plaintiff and all other testimony concerning this transaction, the "clean hands" doctrine has no application to this controversy and judgment notwithstanding the verdict or a new trial upon this ground is denied."

From the following we conclude that the trial judge consciously decided as a matter of fact that Appellants were not entitled to the defense of the "clean hands" doctrine. As the learned trial judge observed, this was a legal action, to which an equitable defense has been made. In such cases the rule was long ago established that the equitable defense must be tried by the trial judge or, if he should choose,

with the help of a jury. *Cooper v. Smith,* 16 S. C. 331 (1881). This being the case, the judge had the responsibility of making findings of fact as to the equitable defense. This he did and this court has reviewed the record on this particular question as if it had been tried before the trial judge as a case in equity. In an equity action tried by a judge without a reference, this court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville, supra.* After a careful review of the record, we concur with the findings of the trial judge concerning the Appellants' defense of the "clean hands" doctrine. Appellants' contention that the trial judge erred in not making the requested charge to the jury is, therefore, rejected.

Affirmed.

SANDERS, C. J., and BELL, J., concur.