THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
York Printing & Finishing, Inc. and Bonnie Watts,
Respondents,
v.
Springs Industries, Inc., Appellant.
 
 
 

Appeal From York County
 John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2006-UP-385
Heard November 9, 2006  Filed November 27, 2006   

AFFIRMED

 
 
 
Benjamin A. Johnson and Stephen M. Cox, of Rock Hill, for Appellant.
Christopher L. Murphy and James A. Stuckey, Jr., of Charleston, for Respondents.
 
 
 

PER CURIAM:  Springs Industries, Inc. (Springs) appeals a jury verdict for York Printing & Finishing, Inc. and Bonnie Watts (collectively York Printing).  Springs argues the trial court erred in denying its motions for directed verdict and JNOV because Springs owed no duty of care to York Printing and York Printing put forth no evidence demonstrating Springs negligent misrepresentation proximately caused York Printings business failure.  Springs also argues the trial court erred in denying its unclean hands defense.  We affirm.   
1.  Springs argues the trial court erred in denying its directed verdict motion on York Printings cause of action for negligent misrepresentation because Springs owed no legal duty to York Printing.  The determination of the existence of a duty is a question of law.  Faile v. S.C. Dept of Juvenile Justice, 350 S.C. 315, 334, 566 S.E.2d 536, 545 (2002).  A duty to exercise reasonable care in giving information exists when the defendant has a pecuniary interest in the transaction.  Winburn v. Ins. Co. of N. Am., 287 S.C. 435, 441, 339 S.E.2d 142, 146 (Ct. App. 1985).  Further, if the defendant possesses expertise or special knowledge that would ordinarily make it reasonable for another to rely on his judgment or ability to make careful enquiry, the law places on him a duty of care with respect to representations made to plaintiff.  AMA Mgmt. Corp. v. Strasburger, 309 S.C. 213, 223, 420 S.E.2d 868, 874 (Ct. App. 1992).  Here, after Duke Power refused to provide information (citing privacy concerns) to York Printing regarding Springs monthly utility costs for the Bleachery, York Printing turned to Springs for this informationinformation critical to York Printings decision to proceed with the purchase of the Bleachery.  With a clear understanding of the importance of this information to York Printing, Springs provided York Printing with a chart of the Bleacherys monthly utility costs for the preceding year, including the critical months of July and August of 1998.  This utility chart contained materially false information.  Springs had a pecuniary interest not only in selling the Bleachery to York Printing, but also in leasing-back portions of the Bleachery after the sale (and after York Printing agreed to pay for the Bleacherys utility costs).  Springs possessed special knowledgethe Bleacherys actual monthly utility costs for the preceding yearthat York Printing could not obtain elsewhere.  Therefore, Springs had a duty to exercise reasonable care when it provided York Printing the utility chart.  Accordingly, the trial court properly denied Springs directed verdict motion.
2.  Springs argues the trial court erred in denying its directed verdict motion on York Printings cause of action for negligent misrepresentation because York Printing offered no evidence showing Springs proximately caused York Printings business failure.  Ordinarily, the question of proximate cause is one of fact for the jury and the trial judges sole function regarding the issue is to inquire whether particular conclusions are the only reasonable inferences that can be drawn from the evidence.  McNair v. Rainsford, 330 S.C. 332, 349, 499 S.E.2d 488, 497 (Ct. App. 1998).  Evidence in the record supports the jurys finding that York Printings business failure was the natural and probable consequence of Springs false representationthe gross understatement of the Bleacherys electric bills.  York Printing presented evidence that it relied on Springs utility chart, particularly the figures for the two months prior to York Printings purchase of the Bleachery to determine whether it could turn a profit.  The record shows Springs understood the importance of these figures to York Printing, and York Printing relied on these figures to its detriment.  When the correct amounts are considered, two facts can be concluded.  First, York Printing would not have purchased the Bleachery had it known the true electric bills.  Second, the failure of York Printing may be attributed to its inability to operate profitably in light of the true electric bills.  These conclusions satisfy the element of proximate cause.  Accordingly, the trial court properly denied Springs directed verdict motion and submitted the claim to the jury.
3.  Springs argues the trial court erred in denying its unclean hands defense.  Where an equitable defense is raised against a legal action, the trial judge has the responsibility of making findings of fact as to the equitable defense.  Huguenin v. Wall, 279 S.C. 518, 521, 309 S.E.2d 794, 795 (Ct. App. 1983).  In such cases, the scope of review on appeal is de novo.  Id.  Here, Springs presents two pieces of evidence that it believes demonstrates York Printings unclean hands.  First, York Printing represented to its lender that it had verbal commitments from purchasers to buy from York Printing after it began operations in the Bleachery, and Springs contends no such verbal commitments existed.  Second, York Printing represented to the federal government that it intended to create one hundred new jobs at the Bleachery, and Springs contends York Printing had no intention of creating that many new jobs.  The trial court found the facts of the case did not give rise to an unclean hands defense.  The record fully supports this finding.  Moreover, Springs cannot complain of York Printings dealings with third parties, because the clean hands maxim does not apply to matters outside the transaction between plaintiff and defendant.  Arnold v. City of Spartanburg, 201 S.C. 523, 532, 23 S.E.2d 735, 738 (S.C. 1943) (The expression clean hands means a clean record with respect to the transaction with the defendants themselves and not with respect to others.).  Accordingly, the trial court did not err in rejecting the unclean hands defense.
The judgment pursuant to the jury verdict is 
 AFFIRMED.
HEARN, C.J., and KITTREDGE and WILLIAMS, JJ., concur.